**Paul W. MARCEY, Appellant,**

v.

**David W. HARRIS, Appellee.**

**No. 22026.**

United States Court of Appeals
District of Columbia Circuit.

Argued June 14, 1968.

Decided June 20, 1968.

Mr. Albert J. Ahern, Jr., Washington, D. C., for appellant.

Mr. Frank Q. Nebeker, Asst. U. S. Atty., for appellee.  Mr. David G. Bress,

U. S. Atty., also entered an appearance for appellee.

Before BAZELON, Chief Judge, and WRIGHT and LEVENTHAL, Circuit Judges.

PER CURIAM:

Appellant was indicted for the first degree murder of his wife and released on bail.  On January 12, 1968, he filed a motion for a bifurcated trial in order to permit a separate trial of the issue of his insanity at the time of the offense. Several months thereafter the Government filed a motion for a mental examination, pursuant to D.C.Code § 24–301(a), on the ground that appellant's request for a bifurcated trial indicated he might be incompetent to stand trial. Appellant opposed this motion, but at the same time complied with the new requirements of D.C.Code § 24–301(j) [1] by filing notice that he would raise insanity as a defense at trial.

At the hearing on the Government's motion, appellant argued that the Government had offered no "prima facie evidence" of his mental incompetency so as to justify the utilization of § 301(a).[2] However, appellant again made clear that he would raise the insanity defense at trial, stating that two psychiatrists were prepared to testify on his behalf. The court committed appellant to Saint Elizabeths Hospital to determine whether he was competent to stand trial and

[1]. "Insanity shall not be a defense in any criminal proceeding in the United States District Court for the District of Columbia or in the District of Columbia court of general sessions, unless the accused or his attorney in such proceeding, at the time the accused enters his plea of not guilty or within fifteen days thereafter or at such later time as the court may for good cause permit, files with the court and serves upon the prosecuting attorney written notice of his intention to rely on such defense. (As amended Dec. 27, 1967, Pub.L. 90–226, § 201, title II, 81 Stat. 735.)"

[2]. D.C.Code § 24–301(a) provides in relevant part: "Whenever a person is arrested, indicted, charged by information, or is charged in the juvenile court

of the District of Columbia, for or with an offense and, prior to the imposition of sentence or prior to the expiration of any period of probation, it shall appear to the court from the court's own observations, or from prima facie evidence submitted to the court, that the accused is of unsound mind or is mentally incompetent so as to be unable to understand the proceedings against him or properly to assist in his own defense, the court may order the accused committed to the District of Columbia General Hospital or other mental hospital designated by the court, for such reasonable period as the court may determine for examination and observation and for care and treatment if such is necessary by the psychiatric staff of said hospital."

whether the alleged offense was a product of mental illness.

Appellant next filed a writ of habeas corpus, again arguing that § 301(a) was inapplicable because there was no prima facie evidence that he was mentally incompetent. The district court discharged the writ and this appeal followed.

 We cannot accept appellant's contention that, on the particular facts of this case, there was insufficient evidence of incompetency to authorize the trial court to employ § 301(a). Appellant himself raised doubts about his sanity at the time of the offense by demanding a bifurcated trial, filing notice of an insanity defense, and stating that he had two psychiatrists prepared to testify at trial. Since the offense was committed less than a year before the hearing, the court could reasonably entertain doubts about appellant's competency to stand trial. We believe therefore that the court was justified in invoking § 301(a). We need not decide whether § 301(a) would also apply if a defendant did nothing more than fulfill the notice requirements of § 301(j) or if the period between the offense and the hearing were longer.

At oral argument appellant contended for the first time that even if commitment pursuant to § 301(a) were authorized, it should take the form of outpatient rather than inpatient examinations. He asserted that inpatient commitment would violate his right to pre-trial bail under the Bail Reform Act, 18 U.S.C. § 3146 *et seq.* We agree that pre-trial commitment under § 301(a) is only for purposes of pre-trial mental examination and is not a ground for denial of bail otherwise contemplated by the Bail Reform Act.[3] We therefore hold that if a defendant so requests, his commitment shall be limited to examination on an outpatient basis. However, inpatient commitment shall be ordered if the court is advised by a report of the hospital authorities, setting forth reasonable grounds, that such inpatient commitment is necessary to assure an effective examination.

Since appellant's request for outpatient treatment was not made below, we remand to the district court for further proceedings not inconsistent with this opinion.

So ordered.

3. The Judicial Conference of the District of Columbia Circuit has adopted the following recommendation: "The status of the accused who has been enlarged on bail should not be changed because of a pre-trial mental examination being ordered for him, and an accused who is otherwise eligible for bail should not be denied bail because a pre-trial mental examination is ordered for him; if, however, the examining psychiatrists report that the accused's confinement is necessary for an effective examination the court should be empowered to commit to a mental hospital *for that purpose."* Report of the Committee on Problems Connected with Mental Examination of the Accused in Criminal Cases, Before Trial 189 (1966).